**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KONICA MINOLTA PHOTO IMAGING,**
**U.S.A., INC.,**

                     **Plaintiff,**

-vs-                                              Case No. 6:05-cv-371-Orl-19DAB

**SONMAN, INC., a Florida Corporation,**
**SONMAN, INC. OF GEORGIA, a Georgia**
**Corporation, JAMES M. SPELLMAN and**
**DIANNA HANSON,**

                     **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Plaintiff Konica Minolta Photo Imaging, U.S.A., Inc.'s Motion to Strike Defendants' First through Fourth Affirmative Defenses. (Doc. No. 10, filed on December 29, 2004).

2. Defendants Sonman, Inc.'s, Sonman, Inc.'s of Georgia, James M. Spellman's and Dianna Hanson's Memorandum in Opposition to Plaintiff's Motion to Strike Defendants' First through Fourth Affirmative Defenses. (Doc. No. 11, filed on January 12, 2005).

**Background**

In 2002, Sonman, Inc. and Sonman, Inc. of Georgia ("Sonman") filed a suit against Konica Minolta Photo Imaging, U.S.A., Inc. ("Konica") in the United States District Court for the Middle District of Florida. (Doc. No. 1, ¶ 8) (See Case Number 6:02cv1364, Doc. No. 3, "Amended

Complaint," filed on November 15, 2002). On April 4, 2003, Konica filed a counterclaim against Sonman, James Spellman, and Dianna Hanson. (Case Number 6:02cv1364, Doc. No. 23, "Answer, Affirmative Defenses, and Counterclaim," p.9).

On August 5, 2004, the Court granted in part and denied in part Konica's Motion for Summary Judgment. (Case Number 6:02cv1364, Doc. No. 137). On August 9, 2004, Konica presented its counterclaims to the Court at trial. (Case Number 6:05cv371, Doc. No. 1, ¶¶ 9, 10). Thereafter, settlement negotiations ensued, and the case was settled that evening. (*Id.* at ¶ 10). The terms of the settlement provided that Plaintiff Konica would dismiss its counterclaims and would not seek attorney's fees relating to the offer of settlement in return for Defendants Sonman's, Spellman's, and Hanson's payment of $140,000 in two installments of $70,000 each.[1] (*Id.* at ¶ 11). On August 10, 2004, the parties announced the settlement on the record in open Court. (Case Number 6:02cv1364, Doc. No. 141, "Order Dismissing Case"). The Court dismissed the case with prejudice. (*Id.*)

On August 16, 2004, Plaintiff sent settlement documents to Defendants for execution. (Case Number 6:05cv371, Doc. No. 1, ¶ 13) (Doc. No. 1, Ex. A). On August 24, 2004, Defendants requested a revision in one of the settlement documents. (Doc. No. 1, ¶ 14); (Doc. No. 1, Ex. B). On September 2, 2004, Plaintiff sent a revised Joint Release and Settlement Agreement to Defendants containing the language requested. (*Id.* at ¶ 15) (Doc. No. 1, Ex. C). On September 15, 2004, Defendants sent a letter to Plaintiff stating that once the language in the revised Joint Release and Settlement Agreement had been approved and the agreement had been executed, Defendants would complete the terms of the agreement. (*Id.* at ¶ 16) (Doc. No. 1, Ex. D).

---

[1] Konica was the Counter-Plaintiff in 6:02cv1364, and Sonman, Spellman, and Hanson were the Counter-Defendants. For the sake of clarity, the Court will refer to Konica as the Plaintiff and to Sonman, Spellman, and Hanson as the Defendants.

Since September 15, 2004, Plaintiff alleged that there has been no further correspondence from Defendants, that Plaintiff has not received the executed documents, and that Defendants have failed to pay the $70,000 due under the parties' settlement agreement. (*Id.* at ¶ 17).

Based on Defendants' alleged failure to act on the terms of the settlement agreement, Plaintiff filed the instant complaint to enforce the settlement. (*See* Doc. No. 1).

Defendants answered the complaint with five affirmative defenses. (Doc. No. 8). First, Defendants alleged that the settlement agreement was obtained through fraud. (*Id.* at ¶ 28). Defendants averred that Plaintiff possessed numerous documents relating to its claims of illegal price fixing and that Plaintiff failed to comply with discovery requests. (*Id.* at ¶¶ 22, 25). The Court granted summary judgment on a number of claims brought by Defendants based on the evidentiary record before the Court. (*Id.* at ¶ 23). Because of the adverse ruling on the summary judgment motion and the proceedings before the Court during the first day of trial on Plaintiff's counterclaims, Defendants entered into settlement negotiations. (*Id.* at ¶ 24). As a result of Plaintiff's actions, Defendants alleged that they were fraudulently induced to enter into the settlement agreement. (*Id.* at ¶ 28).

In addition, Defendants also claimed that Plaintiff had unclean hands, waived its right to the relief requested, and was estopped from recovering relief.[2] (*Id.* at ¶¶ 30, 32, 34).

Plaintiff Konica Minolta Photo Imaging, U.S.A., Inc. now moves to strike Defendants Sonman, Inc.'s, Sonman, Inc.'s of Georgia, James M. Spellman's and Dianna Hanson's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), arguing that the defenses are properly the subject of a motion under Federal Rule of Civil Procedure 60(b)(3). Defendants counter that relief is not being

---

[2] Defendants' fifth affirmative defense is now moot. (Doc. No. 8, ¶ 36). Defendants alleged that the proper venue for this action was in the Orlando Division of the Middle District of Florida. (*Id.*) This case has been transferred to the Orlando Division.

sought under Rule 60(b)(3) and that the affirmative defenses constitute sufficient defenses to Plaintiff's action to enforce the settlement agreement.  Furthermore, Defendants argue that Plaintiff's Motion to Strike was not timely filed.[3]

This Order analyzes Plaintiff's Motion to Strike.

### Standard of Review

Rule 12(f) permits the Court to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  FED. R. CIV. P. 12(f).  The decision to grant or deny a motion to strike is vested in the Court's sound discretion.  *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)).  Striking a portion of a pleading is a drastic remedy and is often used by the movant simply as a dilatory tactic.  *Brown v. Seebach*, 763 F.Supp. 574, 583 (S.D. Fla. 1991).  Thus, such motions are viewed with disfavor and are infrequently granted.  *Id.*  Because courts view motions to strike with strong disfavor, many courts will grant such motions only if the portions sought to be stricken are prejudicial or scandalous.  *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D. D.C. 2003) (internal citations omitted).  Nevertheless, a motion to strike is the primary vehicle for objecting to an insufficient affirmative defense.  5 C. Wright and A. Miller, *Federal Practice and Procedure* §1380 at 782 (1969).  Although such motions are often viewed with disfavor, they do serve a useful

---

[3] Rule 12(f) specifically provides that a motion to strike must be made by a party within 20 days after service of the pleading upon the party if no responsive pleading is permitted.  FED. R. CIV. P. 12(f).  The answer and affirmative defenses were electronically filed on December 6, 2004 and were mailed to Plaintiff on that date.  (Doc. No. 8, p. 6).  Three days are added to the twenty day time period because the answer and affirmative defenses were mailed to Plaintiff on that date.  FED. R. CIV. P. 6(e).  Thus, Plaintiff had twenty-three days to file its Motion to Strike, and the motion was due on December 29, 2004 which was the date that Plaintiff filed the motion.  Defendants' argument fails to calculate the three day time addition for the mailing of the answer and affirmative defenses.  Thus, Defendants' timeliness argument is without merit.

purpose by eliminating insufficient defenses and saving the parties and the Court the time and expense which would be spend litigating issues which would not affect the outcome of the dispute. *U.S. v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D. Pa. 1989).

### Analysis

Plaintiff argues that because Defendants are directly attacking the Summary Judgment Order and are seeking relief from it, Federal Rule of Civil Procedure 60(b)(3) provides the express mechanism for the relief sought. Rule 60(b)(3) allows the Court to relieve Defendants of the Summary Judgment Order for fraud. FED. R. CIV. P. 60(b)(3). Plaintiff contends that because Rule 60(b)(3) provides the mechanism for the relief sought, the Court should strike the affirmative defenses.

While Plaintiff argues that Defendants seek relief from the Court's Summary Judgment Order, a close reading of the affirmative defenses demonstrates that the defenses are premised on Plaintiff's alleged fraudulent actions in procuring the settlement agreement. Defendants alleged that as a result of Plaintiff's failure to proffer relevant, admissible evidence during discovery, Defendants were at a disadvantage when the Court considered Plaintiff's Motion for Summary Judgment, resulting in a dismissal of several claims. As a result of the Summary Judgment Order and the first day of trial, Defendants agreed to a settlement. Contrary to Plaintiff's argument, Defendants do not request relief from the Court's Summary Judgment Order. Rather, Defendants alleged that Plaintiff's deceptive discovery tactics fraudulently induced them to enter into the settlement agreement.

Plaintiff argues that the affirmative defenses prejudice its case by altering the burden of proof. Plaintiff contends that Defendants' defenses attack the validity of the Court's Summary Judgment Order. Because obtaining relief under Rule 60(b)(3) requires Defendants to prove fraud by clear and convincing evidence, Plaintiff claims that if the affirmative defenses are not stricken, then the clear and

convincing evidence standard will not apply, thereby prejudicing Plaintiff.

In *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003), the Eleventh Circuit noted that in order to obtain relief from a final judgment based on fraud under Rule 60(b)(3), the moving party must prove fraud by clear and convincing evidence. Florida state law would apply to an analysis of the allegation that Defendants were fraudulently induced to enter into the settlement agreement. *Lee v. Hunt*, 631 F.2d 1171, 1174 (5th Cir. 1980) ("the construction and enforcement of settlement agreements [are] governed by principles of state law applicable to contracts generally."). In *Wieczoreck v. H&H Builders, Inc.*, 475 So. 2d 227, 228 (Fla. 1985), the Florida Supreme Court held that a preponderance of the evidence is necessary to establish fraud. *See also Wynfield Inns v. Edward Leroux Group, Inc.*, 896 F.2d 483, 491 (11th Cir. 1990) (citing *Wieczoreck v. H&H Builders* for the proposition that fraud is established by a preponderance of the evidence under Florida law).

The Court finds that Plaintiff's argument that it is unduly prejudiced by a different standard of proof is without merit. Defendants will bear the burden to prove their affirmative defenses under the appropriate burden of proof applicable to such defenses. The fact that a preponderance of the evidence standard would apply to the defense that Defendants were fraudulently induced to enter into the settlement agreement is not so impertinent or scandalous so as to warrant striking the affirmative defense under Rule 12(f).

Defendants' affirmative defenses put into question relevant and substantial legal and factual issues. Plaintiff has failed to demonstrate that the affirmative defenses are so unrelated to Plaintiff's claims so as to be unworthy of any consideration as defenses and that their presence in the pleading prejudices Plaintiff. *See, e.g.,* 5 C. Wright and A. Miller, *Federal Practice and Procedure* §1380 at

782 (1969).  Therefore, the Court **denies** Plaintiff's Motion to Strike.

### Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff Konica Minolta Photo Imaging, U.S.A., Inc.'s Motion to Strike Defendants' Affirmative Defenses.  (Doc. No. 10).

**DONE** and **ORDERED** in Chambers in Orlando, Florida this __4th_____ day of May, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record