UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KONICA MINOLTA PHOTO IMAGING,
U.S.A., INC.,

                    Plaintiff,

-vs.-                                                    Case No.:  6:05-cv-371-PCF-DAB

SONMAN, INC., a Florida Corporation,
SONMAN, INC., a Georgia Corporation,
JAMES M. SPELLMAN AND DIANNA
HANSON,

                    Defendants.
_____

## ORDER

This case comes before the Court on the following:

1.    Motion for Summary Judgment filed by Plaintiff Konica Minolta Photo Imaging,

      U.S.A., Inc. (Doc. No. 28, filed on July 29, 2005);

2.    Affidavit and Exhibits in Support of the Motion for Summary Judgment filed by

      Plaintiff Konica Minolta Photo Imaging, U.S.A., Inc. (Docs. No. 29-1, 29-2, 29-3,

      filed on July 29, 2005); and

3.    Memorandum of Law in Support of the Motion for Summary Judgment filed by

      Plaintiff Konica Minolta Photo Imaging, U.S.A., Inc. (Doc. No. 30, filed on July

      29, 2005).

Although copies of the Motion for Summary Judgment were mailed to Defendants' counsel on

July 29, 2005, Defendants have not filed a brief or any affidavits in opposition to it as required

-1-

under Local Rule 3.01(b).  Failure to oppose a motion for summary judgment raises an inference that there is no objection to such motion.  *See* Local Rule 3.01(b); (Doc. No. 24, filed on March 29, 2005, Sec. II-E) ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed").

**Background**

In 2002, Defendants Sonman, Inc. and Sonman, Inc. of Georgia filed a diversity action, Case Number 6:02-cv-1346-19-JGG, against Plaintiff Konica Minolta Photo Imaging, U.S.A., Inc. ("Konica") regarding a business dispute.  (*See* Doc. No. 1-1, ¶ 8, filed on October 25, 2004). The Second Amended Complaint alleged that Konica had committed business libel or slander, price fixing in violation of the Robinson-Patman Act, deceptive and unfair trade practices, tortious interference with a business relationship, and breach of contract.  (*See* Case No. 6:02-cv-01364-19-JGG, Doc. No. 17, filed on February 20, 2003).  On April 4, 2003, Konica filed a counterclaim against the two Sonman corporations and two individuals, James Spellman and Dianna Hanson, seeking payment due for goods sold and delivered upon personal guarantees. (*See* Doc. No. 1-1 at ¶ 8; Doc. 8 ¶ 8) (These counter-defendants will be collectively referenced as "Sonman").  On August 5, 2004, the Court granted in part and denied in part Konica's Motion for Summary Judgment.  (Case No. 6:02-cv-01364-PCF-JGG, Doc. No. 137, filed on August 5, 2004).  The case proceeded to trial, whereupon all parties announced on the record in open court that a complete settlement had been reached.  The case was subsequently dismissed with prejudice.  (*See* Case No. 6:02-cv-01364-PCF-JGG, Doc. No. 141, entered on August 10, 2004).

The settlement provided, *inter alia*, that in return for two payments totaling $140,000 made by Sonman, Konica would dismiss its counterclaims and agree not to seek attorneys' fees

in connection with the lawsuit and settlement agreement.  (Doc. 1-1 at ¶ 11; Doc. 8 at ¶ 11).  On

August 16, 2004, Konica sent Sonman settlement documents for execution, but Sonman through

counsel requested that the agreement be revised to include a stipulation that Konica would

release Sonman from all claims.  (Doc. No. 1-3, filed on October 25, 2004; Doc. 8 at ¶ 14).  On

September 15, 2004, Sonman's counsel sent Konica a letter indicating that he had received a

revised settlement document on September 9, he had forwarded it to Sonman for approval, and

once approved and executed, Sonman would complete the terms of the agreement.  (Doc. No. 1-

5, filed on October 25, 2004; Doc. 8 at ¶ 16).  Since September 15, 2004, there has been no

further correspondence from Sonman or Sonman's counsel to Konica, the executed settlement

documents have not been received, and neither of the two payments have been tendered.  (Doc.

1-1 at ¶ 17; Doc. 8 at ¶ 17).

Based on the foregoing, Konica filed a Complaint to Enforce [the] Settlement Agreement

on October 25, 2004.  (Case No. 6:05-cv-371-PCF-DAB, Doc. 1-1).  In its Answer, Sonman

admitted failing to pay Konica and asserted the affirmative defenses of fraud, unclean hands,

waiver, and estoppel.  (Doc. 8 at ¶¶ 17, 27, 30, 32, 34).  Sonman claimed that Konica possessed

numerous documents material to Sonman's claim against Konica for illegal price fixing, yet

failed to produce the documents in question even though it indicated that all documents were

being produced.  (*Id*. at ¶ 22).  Sonman claimed that subsequent to announcing a settlement in

open court, it learned of the existence of these documents when Konica produced them in

connection with a separate case against another distributor. (*Id*. at ¶ 25).  This proved, Sonman

asserted, that the failure to produce these documents in the Sonman litigation was not an

oversight and that by intentionally failing to produce the documents, Konica had perpetrated a fraud upon Sonman and this Court.  (*Id.* at ¶¶ 25, 27).

In an Affidavit in Support of Its Motion for Summary Judgment, Konica's counsel claims that in the original action between the parties, Konica never represented that it was providing all documents responsive to Sonman's request, but rather that it stated in its response to Sonman's document request that it would produce certain disclosed documents subject to an agreement between the parties regarding the protection of confidential information and work product. (Doc. 29-2 at ¶¶ 5-6).  After service of this response, Konica states, Sonman never contacted it regarding arrangements for the production of documents, and as a result no documents were ever produced.  (*Id.*).  Thus, Konica claims, Sonman's contention that Konica produced some documents relevant to the price fixing claim and intentionally withheld others is factually incorrect, and Sonman has failed to carry its burden to prove the essential elements of fraud. (Doc. 30 at p. 6).

## Standard of Review

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party."  *Id.*  The moving party bears the burden of proving that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied the burden, a court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant summary judgment. *Id.* (citation omitted).

Once a movant who does not bear the burden of proof on the pertinent claim or defense satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the party bearing the burden of proof on the pertinent claim or defense to come forward with specific facts showing that there is a genuine issue for trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990) (citing *Anderson*, 477 U.S. 242, 106 S.Ct. 2505.) "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). "The evidence of the non-movant is to be believed, and all justifiable inferences

are to be drawn in his favor.' " *Tipton*, 965 F.2d at 999 (quoting Anderson, 477 U.S. at 255, 106

S.Ct. at 2513 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159 (1970)).  "Where the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

there is no genuine issue for trial."  *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356 (citing *First

Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)) (internal quotation marks

omitted).

## Analysis

### I.  Claim Asserted by Konica

This Court must apply Florida law to determine the construction and enforcement of the

settlement agreement alleged by Konica in its Complaint.  (*See* Doc. 26 at p.6, citing *Lee v.

Hunt*, 631 F.2d 1171, 1174 (5th Cir. 1980)).  Under Florida law, Konica bears the burden of

proving that Sonman assented to the terms of the purported agreement and that the material

terms were specific enough to form an enforceable agreement.  *Spiegel v. H. Allen Homes, Inc.*,

834 So. 2d 295, 297 (Fla. 4th DCA 2003).  Because settlement agreements enjoy a favored status

under Florida law, a settlement agreement, once proved, is generally not subject to repudiation

and may be enforced summarily by the courts.  *Silva v. Silva*, 467 So. 2d 1065 (Fla. 3d DCA

1985); *Mortgage Corp. of America v. Inland Construction Co.,* 463 So. 2d 1196 (Fla. 3d DCA

1985).

In the prior action between the parties, it is undisputed that both parties announced they

had agreed to a settlement in open court, placing the terms of their agreement on the record

during a court hearing.  (Case No. 6:02-cv-1364, Doc. No. 147, pp. 3-4, filed on December 1,

2004).  There is also no dispute that Sonman's counsel had the authority to settle on behalf of all

of the Sonman defendants.  (*Id*. at p.4).  However, after the case had been dismissed with prejudice, Sonman refused to sign a written agreement prepared by Konica embodying the terms of the agreement announced in this Court.  (Doc. 1-1 at ¶ 17; Doc. 8 at ¶ 17).

Despite the fact that the parties have not executed a written settlement agreement, Florida law is clear that an oral agreement "properly entered into the record, where there is a clear understanding of the finality of that agreement, is an effective and enforceable settlement notwithstanding that it is subject to reduction to a written agreement."  *Roskind v. Roskind*, 552 So. 2d 1155, 1156 (Fla. 3d DCA 1989).  Furthermore, such an agreement is binding whether or not all of its provisions are dictated into the record, if the trial judge determines that the parties have in fact orally agreed to a settlement and ordered its enforcement.  *Silva*, 467 So. 2d at 1065; *Sockolof v. Eden Point N. Condo. Ass'n, Inc.*, 421 So. 2d 716 (Fla. 3d DCA 1982).  Thus, when a settlement is announced , and the parties affirm their understanding and acceptance to the settlement in open court, a court is free to enforce such settlement notwithstanding the fact that one of the parties later objects to the agreement and refuses to sign it.  *See Roskind*, 552 So. 2d at 1156.

In the instant case, considering all inferences drawn from the underlying facts in the light most favorable to Sonman, this Court concludes that Konica has met its burden of proof on its claim in showing that Sonman knowingly and voluntarily agreed to the aforementioned settlement agreement in open court, understanding fully the finality of its agreement. Accordingly, subject only to addressing Sonman's affirmative defenses, the Court finds as a matter of law that Sonman and Konica entered into a binding settlement agreement on August 10, 2004.

## II.  Affirmative Defenses Asserted by Sonman

The Court now addresses with regard to Konica's Motion for Summary Judgment the affirmative defenses asserted by Sonman of fraudulent inducement, unclean hands, waiver, and estoppel.  As Sonman, the non-moving party, would bear the burden of proof with respect to these defenses at trial, Konica may rebut these defenses at the summary judgment stage either by pointing out to the Court the absence of evidence to support Sonman's case or by demonstrating with affirmative evidence of its own that Sonman will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1115-1116.   Once the moving party has met its burden under the Federal Rules of Civil Procedure in proving there is no material issue of fact which remains for trial, the burden shifts to the non-moving party to  "...demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark*, 929 F.2d at 608.

### A. Federal Rule of Civil Procedure 36(a)

In the instant case, Konica seeks to have several statements asserted in a Request for Admissions served on Sonman deemed admitted by the Court as conclusive facts.  Konica states via affidavit that it served a copy of a Request for Admissions by mail on Sonman on May 20, 2005.  (Doc. No. 29-1, ¶ 2, filed on July 29, 2005).  Konica claims in its Motion for Summary Judgment that Sonman never replied to such Request and asks this Court to apply Rule 36(a) to the assertions in its Request for Admissions.

Under the Federal Rules of Civil Procedure, "[a] party may serve upon any other party a written request for the admission ... of the truth of any matters" that are relevant to the claim at

bar.  Fed. R. Civ. P. 36(a).  A request for an admission served on the opposing party and to

which there is no response within 30 days of service is deemed admitted.  *See id.*; *Anheuser-*

*Busch, Inc. v. Philpot*, 317 F.3d 1264, 1265 FN1 (11th Cir. 2003).  "Any matter admitted under

this rule is conclusively established unless the court on motion permits withdrawal or

amendment of the admission." Fed. R. Civ. P. 36(a); *United States v. 2204 Barbara Lane*, 960

F.2d 126, 129-30 (11th Cir. 1992).  Furthermore, facts deemed admitted by operation of Rule 36

may serve to support a grant of summary judgment.  *See Stubbs v. Commissioner of Internal*

*Revenue*, 797 F.2d 936, 937-38 (11th Cir.1986).

 In the case at bar, however, the Affidavit offered in support of Konica's contention that

Sonman never responded to Konica's Request for Admissions gives no proper factual or

evidentiary basis for such assertion.[1]  Thus, Konica's contention that Rule 36(a) applies and that

the Court must take as fact the assertions in Konica's Request for Admissions is not well taken.

### B.  Fraudulent Inducement, Unclean Hands, Waiver, and Estoppel

The crux of all four of Sonman's affirmative defenses is that Konica committed fraud

when it represented to Sonman that it had produced all relevant documents in the prior action,

and thus Konica cannot legally enforce the settlement agreement.  (*See* Doc. 8 at ¶¶ 17, 22, 25,

27, 30, 32, 34).  To prove fraud under Florida law, a party must show that (1) the opposing party

made a false representation of past or present fact; (2) the opposing party knew the statement or

---

[1]  Konica claims in its Motion for Summary Judgment that "[d]efendants failed to serve a
written answer or objection to the requests as provided under [36(a)]." (Doc. 28 at pp. 3-4).  In
support of this contention, it cites to the Affidavit of Randolph L. Smith at paragraph 3.  *Id.* at
p.4.  After examining the Smith Affidavit, the Court notes that there is no paragraph 3.  (*See*
Doc. 29-1 at pp. 1-2).  Thus, the Court cannot apply Rule 36(a) to find that Sonman never replied
to Konica's Request for Admissions.  Despite this, the omission in the Affidavit is not
dispositive with regard to Konica's Motion for Summary Judgment.

representation was false; (3) the statement was made for the purpose of inducing the party to rely on it, and 4) that party's reliance was reasonable.  *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir.1999) (citing *Finn v. Prudential-Bache Securities, Inc.*, 821 F.2d 581, 586 (11th Cir.1987)).  In the instant case, however, after examining the pleadings, admissions, and affidavits on file, and considering them in a light most favorable to Sonman, the Court concludes that no reasonable jury could find that Konica fraudulently induced Konica to enter into the settlement agreement in the prior action between the parties.

First, as Konica points out, there are no material facts in the record that could convince a reasonable fact finder that the agreement should fail because it was fraudulently induced by Konica's intentional misrepresentation that it had produced all documents.  The record demonstrates that after receiving Sonman's Request for Production of Documents in the prior action, Konica objected to the Request on the ground that the admissions sought disclosure of confidential and privileged information, yet agreed to produce non-protected documents subject to a mutually agreed-upon confidentiality order.  (*See* Doc. 29-2 at p.3, 12-13).  Konica claims that after its Response was served on Sonman, Sonman never contacted it again regarding the documents, and the case subsequently settled.  (*See* Doc. 29-1 at ¶ 6; Doc. 30 at p. 5).

Both parties agree that the documents were never produced (*See* Doc. 8 at ¶ 22; Doc. 29-1 at ¶ 5); the only basis for disagreement is whether Konica intentionally misrepresented that it had produced the documents with the intention that Sonman rely on this misrepresentation to its detriment.  Konica has produced substantial evidence by affidavit, however, that the documents were not produced due solely to the fact that Sonman abandoned its request to procure them.

Sonman has produced no evidence to suggest otherwise, nor has it even responded to Konica's Motion for Summary Judgment.

To establish that a genuine issue of fact remains to be tried, the nonmoving party "may not rest upon mere allegation or denial of [its] pleadings, but must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id*. Sonman has failed to carry its burden to provide evidence in support of its contention that Konica intentionally misrepresented that it had produced relevant documents in order to induce Sonman to settle the prior action, and thus has not met its burden of demonstrating sufficient evidence of fraud, unclean hands, waiver, or estoppel.

Additionally, the Court finds that no reasonable jury could find that Sonman reasonably relied on Konica's alleged misrepresentation. The Eleventh Circuit has noted that "[w]hen negotiating or attempting to compromise an existing controversy over fraud and dishonesty it is unreasonable to rely on representations made by the allegedly dishonest parties." *Pettinelli v. Danzig*, 722 F.2d 706, 709 (11th Cir.1984). With this in mind, the Eleventh Circuit established a bright-line rule regarding a party's legal right to rely on the representations of another party prior to entering into an agreement with such party. Specifically, the Court of Appeals has found that reliance is unjustified as a matter of law when (a) the party alleged to have relied is a sophisticated player in the industry and is represented by counsel; (b) the parties in question have been in an adversarial relationship since well before the execution of the agreement; and (c) the

existing controversy between the parties involved allegations of fraud and/or dishonesty by the party alleged to have committed fraud. *Mergens*, 166 F.3d at 1118.

In this case, as in *Mergens*, "[a] more untrusting relationship is difficult to imagine." *Id*. Both parties to the original action were sophisticated business entities represented by counsel, and the parties in question had been in an adversarial relationship for at least two years prior to the date of the settlement agreement, which was when the prior lawsuit had been filed. (*See* Case No. 6:02-cv-1364, Doc. No. 2, filed on November 15, 2002). In addition, the initial allegations by Sonman against Konica involved both claims of fraud-like conduct *and* dishonesty. (*See* Case No. 6:02-cv-1364, Doc. No. 17, filed on February 20, 2003) (alleging that Konica had engaged in business libel/slander, price fixing, deceptive and unfair trade practices, tortious interference with business relationship, and breach of contract). Further, Sonman has not opposed Konica's Motion for Summary Judgment.

Based on the foregoing, the Court concludes that Sonman has failed to carry its burden to show that a triable issue of material fact exists regarding whether Konica made a misrepresentation and Sonman reasonably relied on Konica's alleged misrepresentation. Thus, the Court finds Sonman has not satisfied its burden of showing sufficient evidence of fraudulent inducement. As fraud was the only basis upon which Sonman asserted the affirmative defenses of unclean hands, waiver, and estoppel, the Court further finds that Sonman has failed to carry its burden to show triable issues of material fact exist regarding these latter defenses as well.

**III. Konica's Claim to Recover Attorneys' Fees, Court Costs, and Interest**

The settlement agreement between Konica and Sonman stipulated that both parties would pay their own respective attorneys' fees.  Based on this, the Court dismissed the prior action, ordering that each party would bear his, her, or its own court costs and attorneys' fees. (Case No. 6:02-cv-1364, Doc. No. 147, at p. 4).  Konica now moves to recover interest owed on the amount agreed to in the settlement agreement.  Konica also moves for its expenses, including attorneys' fees and costs associated with the filing of the present action.  However, Konica has produced no exhibits or affidavits disclosing its attorneys' fees and costs or the amount of interest claimed. Thus, the Court will deny, without prejudice to reassertion, Konica's claim for attorneys' fees and court costs.  The Court will also deny, without prejudice to reassertion, Konica's claim for interest on the settlement agreement.

## Conclusion

Based on the foregoing, the Court GRANTS Plaintiff Konica Minolta Photo Imaging, U.S.A.'s  Motion for Summary Judgment against Defendants Sonman on the affirmative defenses of fraudulent inducement, unclean hands, waiver, and estoppel, and in favor of Plaintiff Konica on Plaintiff's complaint for enforcement of the settlement agreement. (Doc. No. 28). Konica shall have twenty (20) days from the date of this Order to submit a motion for final judgment with appropriate evidentiary support and citation of authority regarding its claims for recovery of interest, attorneys' fees, and costs.  Sonman shall have ten (10) days thereafter to respond.

DONE AND ORDERED in Chambers in Orlando, Florida on September 13,2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record