**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KONICA MINOLTA PHOTO
IMAGING, U.S.A., INC.,**

**Plaintiff,**

**-vs.-**                                    **Case No.:  6:05-cv-371-Orl-19DAB**

**SONMAN, INC., a Florida
Corporation, SONMAN, INC., a
Georgia Corporation, JAMES M.
SPELLMAN AND DIANNA
HANSON,**

**Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1.    Motion for Reconsideration of Order Granting Plaintiff's Motion for
      Summary Judgment and Incorporated Memorandum of Law, filed by
      Defendants Sonman, Inc. of Florida, Sonman, Inc. of Georgia, James M.
      Spellman and Dianna Hanson (hereafter collectively referred to as
      "Sonman"); (Doc. No. 33, filed on September 27, 2005);

2.    Affidavit of Allan P. Whitehead in support of Sonman's Motion for
      Reconsideration; (Doc. No. 34, filed on September 27, 2005); and

3.       Memorandum in Opposition to Defendants' Motion for Reconsideration, filed by Plaintiff Konica Minolta Photo Imaging, U.S.A., Inc. ("Konica") on October 11, 2005. (Doc. No. 37, filed on October 11, 2005).

## Background

In 2002, Sonman filed a diversity action, Case Number 6:02-cv-1346-19-JGG, against Konica regarding a business dispute. (*See* Doc. No. 1-1, ¶ 8, filed on October 25, 2004). Konica subsequently filed a counterclaim against Sonman seeking payment due for goods sold and delivered upon personal guarantees. (*See* Doc. No. 1-1 at ¶ 8; Doc. 8 ¶ 8). The case proceeded to trial during which all parties announced on the record in open Court that a complete settlement had been reached. Based on this settlement, the case was subsequently dismissed with prejudice. (*See* Case No. 6:02-cv-01364-19-JGG, Doc. No. 141, entered on August 10, 2004). After September 15, 2004, the parties stopped communicating with each other. As a result, the settlement documents were never executed, and Sonman never tendered payment of the settlement amount to Konica. (Case No. 6:05-cv-371-19-DAB, Doc. 1-1 at ¶ 17; Doc. 8 at ¶ 17).

Based on the foregoing, Konica filed a Complaint to Enforce [the] Settlement Agreement on October 25, 2004. (Doc. 1-1). In its Answer, Sonman admitted failing to pay Konica and asserted the affirmative defenses of fraud, unclean hands, waiver, and estoppel. (Doc. 8 at ¶¶ 17, 27, 30, 32, 34). Specifically, Sonman claimed that Konica intentionally withheld material documents from Sonman in the prior action without Sonman's knowledge, fraudulently inducing Sonman to enter into the settlement agreement which had ended the case. (*Id.*) On July 29, 2005, Konica filed a Motion for Summary Judgment, Memorandum

of Law in Support of the Motion for Summary Judgment, and an Affidavit in Support of the Motion for Summary Judgment, claiming there were no issues of material fact and Konica was entitled to enforcement of the settlement as a matter of law. (Doc. Nos. 28, 29, 30, filed on July 29, 2005). Pursuant to Rule 3.01(b) and the Case Management and Scheduling Order, Sonman's memorandum in opposition to Konica's Motion was required to be filed within thirty (30) days. (*See* Doc. No. 24, filed on March 29, 2005, Section II(H); Local Rule 3.01(b)). On August 9, 2005, the Court entered an Order stating that any affidavits in support of Sonman's response must be filed by September 1, 2005. (Doc. No. 31, filed on August 9, 2005). The Order advised Sonman that "[f]ailure to oppose the Motion for Summary Judgment may result in Judgment for movant without further proceedings." (*Id.*) By September 13, 2005, over six weeks after Konica's Motion was filed, and almost two weeks after the deadline for affidavits set by the Court's August 9th order, Sonman had not filed either a memorandum in opposition to Konica's Motion or any affidavits. (*See* Doc. No. 32, p. 1-2, filed on September 13, 2005). Thereafter on September 13, 2005 the Court granted Konica's motion for Summary Judgment, finding no genuine issues of material fact in dispute and that Konica was entitled to judgment as a matter of law. (*Id.* at p. 9-12).

On September 27, 2005, Sonman filed a Motion for Reconsideration of the Order Granting Plaintiff's Motion for Summary Judgment and an Affidavit in Support of such motion. (Docs. No. 33, 34). In the Affidavit, Sonman's counsel, Allan P. Whitehead, stated that Sonman's failure to file a responsive pleading in this case was due to two clerical errors by his legal secretary who neglected to note on Mr. Whitehead's calendar the dates by which responsive pleadings and affidavits were due in this case. (Doc. No. 34 at pp. 2-3). Mr.

Whitehead also noted the death of his father, his leave-of-absence due to his father's death, and his civil case load as factors contributing to his failure to timely file a responsive pleading.  (*Id.* at p. 2).  Mr. Whitehead stated that his failure to file such documents was inadvertent and was not intended to prejudice, inconvenience, or harm Konica.  (*Id.* at ¶ 10). Counsel also attached to his Memorandum of Law Sonman's would-be Response to Konica's Motion for Summary Judgment so that if the Court granted Sonman's Motion for Reconsideration, "the Court can rule on [Konica's motion] forthwith." (Doc. No. 33 at p. 10; Exhibit A).  Finally, Sonman's Motion argued that Konica has suffered no prejudice due to Sonman's delay in filing its Response, and that the length of delay if its Motion for Reconsideration was granted would be minimal, as this Court could rule "in a manner of weeks."  (*Id.* at pp. 9-10).

In its Memorandum in Opposition to the Motion for Reconsideration, Konica argued that Sonman's argument is markedly distinguishable from past cases finding "excusable neglect" under the Federal Rules of Civil Procedure.  (Doc. No. 37 at pp. 2-3).  In addition, Konica stated that the equitable considerations inherent in determining excusable neglect weigh against Sonman and in favor of declining reconsideration.  (*Id.* at pp. 3-4).  Konica also argued that in the event the Court decided to reconsider its prior Order, Sonman's argument did not establish that it has a meritorious defense to Konica's Motion for Summary Judgment.  (*Id.* at pp. 4-6).

This Order analyzes Sonman's Motion for Reconsideration of Order Granting Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law and Konica's Memorandum in Opposition to the Motion for Reconsideration.

**Standard of Review**

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). The decision to grant a motion for reconsideration under either rule is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id*. at 806. The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D.Fla.2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Federal Rule of Civil Procedure 60(b)(1) provides relief from a judgment or order for, *inter alia*, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993). Whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on

judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395. Primary importance is accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (noting that the Supreme Court in *Pioneer* "accorded primary importance" to the aforementioned factors). The Eleventh Circuit has held that the Supreme Court's definition of "excusable neglect" in *Pioneer* applies to determinations of excusable neglect under Federal Rule of Civil Procedure 60(b). *See Cheney,* 71 F.3d at 849-50; *Advanced Estimating Systems, Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996).

## Analysis

### I. Reconsideration

Sonman argues in asking the Court for relief from judgment that the failure of Sonman's counsel and his legal secretary to realize the applicable deadline for the summary judgment motion was due to "excusable neglect" under Federal Rule of Civil Procedure 60(b). In support of this argument, Sonman cites, *inter alia*, the Eleventh Circuit case of *Walter v. Blue Cross and Blue Shield United of Wisconsin*. 181 F.3d 1198 (11th Cir. 1999). In *Walter*, the Eleventh Circuit held that a District Court abused its discretion in denying a party's Rule 60(b) motion after an attorney's legal secretary never "diaried and docketed" the date on which a timely response needed to be filed. *Walter*, 181 F.3d 1198 (11th Cir. 1999). Due to the failure of the party to file a response, the Court entered judgment for the opposing party. *Id.* Despite the fact that the one-month delay in filing was attributable both

to the attorney (who realized after receiving an Order that the response was still due) and her legal secretary (who never calendared the date the order was due), the Court held that under both *Pioneer* and *Cheney* the conduct at issue was an "innocent oversight" which amounted to excusable neglect. *Id*. at 1200, 1201-02. In so holding, the Court stressed that the party seeking relief had not acted in bad faith and that "there [was] no reason to believe allowing [the party] to file the untimely response would have had an adverse impact on the district court or its resources." *Id*. at 1202. Relying on *Walter* and the standards for excusable neglect in *Pioneer* and *Cheney*, Sonman argues that Eleventh Circuit precedent dictates that the conduct at issue in this case meets the standard for excusable neglect.

A close examination of the cases cited by Sonman, especially *Walter* and *Cheney*, reveals several key factors distinguishing them from the instant case. First, although Konica admits there is no indication that Sonman's counsel has acted in bad faith, (Doc. No. 37, p. 4), the oversight in this case is attributable almost entirely to Sonman's counsel and hardly, if at all, to his legal secretary. *See Walter*, 181 F.3d at 1202 (in finding excusable neglect, noting that the first two weeks of the delay were attributable solely to the "secretary's negligence, and the additional two weeks of delay [were] attributable to counsel."). Counsel claims that his secretary committed clerical errors by neglecting to note on counsel's calendar the dates on which a responsive pleading and affidavits were due in this case. (Doc. No. 34 at pp. 2-3). However, nowhere does counsel for Sonman aver that his secretary had been tasked to calendar response dates or that this act was within the realm of her duties in the first instance. Counsel relates that his secretary sent him a note asking when the response to the papers filed in this case was due. Mr. Whitehead's affidavit is completely

silent on his response to this inquiry, if any.  Thus, it appears that the lone mistake of counsel's secretary in this case was failing to remind counsel to respond to a note she had given him earlier which inquired about something he should have known, and she apparently did not, the date by which to respond to Konica's Motion.

It is the responsibility of counsel to establish minimum safeguards for determining that action is being taken in accordance with a Court's order.  *See, e.g.*, *In re Sibson*, 235 B.R. 672, 676 (Bankr. M.D. Fla. 1999) (citing *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F. 3d 780, 784 (11th Cir. 1993).  In addition to the opportunity to respond to Konica's motion before the death of his father or to refer the project to another attorney,[1] counsel had three (3) weeks after returning from his leave of absence to take action before the Court filed its Order.  (*See* Doc. No. 32; Doc. No. 34 at ¶¶ 4, 8).  Thus, Sonman had ample time to file a responsive pleading before the Court granted Konica's Motion for Summary Judgment.

In this case, counsel for Sonman admits receiving the Court's Orders directing that a Response be filed by September 1st through the Court's Electronic Case Filing System and additionally receiving a note from his secretary asking him when to calendar the due date. (Doc. No. 34 at ¶¶ 3-5).  Counsel had no fewer than five (5) separate documents delivered to him on three (3) different dates indicating that a response to Konica's Motion for Summary Judgment was due.  Counsel received Konica's Motion for Summary Judgment, Memorandum in Support of the Motion for Summary Judgment, and Affidavit of Randolph L. Smith in Support of the Motion for Summary Judgment delivered directly to him via

---

[1]  The Notice of Filing in this case indicates that Mr. Whitehead is employed by the law firm of Frese, Hansen, Anderson, Anderson, Roche, Heuston & Whitehead, P.A., and therefore it appears that he is not a solo practitioner.

email on July 29, 2005.  (Docs. No. 28, 29, 30, filed on July 29, 2005).[2]  Counsel also received via electronic mail on August 9, 2005, the Court's Order notifying the parties that it would take Konica's Summary Judgment under advisement on September 1, 2005.  (Doc. No. 31, filed on August 9, 2005).  This Order stated that "[f]ailure to oppose the Motion for Summary Judgment may Result in Judgment for movant without further proceedings."[3] (*Id.*) Finally, counsel admits in his affidavit that he received a note from his legal secretary sometime after July 29, 2005, indicating that a response to Konica's motion was due.  (*See* Doc. No. 34 at ¶ 5).  This indicates that unlike *Walter*, the negligence causing the lengthy delay in this case was predominantly, if not totally, within the control of and attributable to the attorney and not to his legal secretary.  *See Walter*, 181 F.3d at 1202.[4]

Additionally, unlike *Cheney* and *Walter*, in the case at bar Konica has argued that it has been prejudiced by Sonman's delay.  In the Order granting Konica's Motion for Summary Judgment, the Court directed Konica to submit a motion for final judgment with appropriate evidentiary support regarding its claims for interest, attorney's fees, and costs

---

[2] Local Rule 3.01(b) notifies counsel that a memorandum of law must be filed in opposition to any motion within ten (10) days from service of the motion.  Local Rule 3.01(b). To become a member of the Bar of this Court, counsel must certify that he has read the Local Rules of the Court.

[3] This clear notice provided to counsel by the Court distinguishes this case from *Pioneer*, in which the Supreme Court placed great emphasis on the less than clear notice given to the movant of the due date for certain filings.  *See Pioneer,* 507 U.S. at 398-99 (stating that the notice of the date was "inconspicuous," "peculiar," and "left a dramatic ambiguity in the notification").

[4] The Court is aware that in *Cheney*, the Eleventh Circuit found excusable neglect due to negligent behavior entirely within an attorney's control.  In that case, however, the delay in question was only six days and the opposing party conceded that it had not suffered any prejudice.  *Cheney*, 71 F.3d at 850.

first raised in its Motion for Summary Judgment.  (Doc. No. 32, at p. 13).  Konica argues that in light of the amount of work expended on its Motion for Final Judgment, it would be prejudiced should the Court set aside its earlier Order granting summary judgment in favor of Konica. (*See* Doc. No. 37, pp. 2, 4).

Although the asserted prejudice is not as serious as that of lost or destroyed evidence, *see INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987), the increase in costs and further delay will cause some prejudice to Konica.  *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 246 (3d Cir. 1951) (stating "it is proper for the court to consider whether any prejudice will result to the plaintiff if the decision is set aside").  However, while Konica will be prejudiced slightly by granting reconsideration, such prejudice is not, in and of itself, enough to defeat Sonman's motion for reconsideration.  This is especially true where, as here, the prejudice can be ameliorated by awarding Konica costs and attorneys' fees incurred in having to defend against the Motion for Reconsideration filed by Sonman and in preparing the Motion for Final Judgment.  Other Circuits have held that claims of prejudice may be eliminated by imposing appropriate conditions upon granting reconsideration or relief from judgment.[5]  Rule 60(b) expressly states that granting a party relief based on excusable neglect may be done "upon such terms as are just."  Fed. R. Civ. P. 60(b).

_____

[5] *See, e.g., Ten v. Svenska Orient Linen*, 573 F.2d 772, 774-75 (2d Cir. 1978) (stating that conditions could be imposed requiring plaintiff to pay defendant's expenses with regard to a deposition in Puerto Rico as opposed to denying relief from judgment); *Erick Rios Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954) (holding that relief from judgment should be set aside, but relief from dismissal of counterclaim could be left intact, as defendant "might appropriately be made to bear some of the consequences [ ]."

-10-

Finally, the interests of efficient judicial administration are implicated by Sonman's delay in filing its Response to Konica's Motion for Summary Judgment. Konica argues that the effort that went into researching and writing the fourteen (14) page Order granting Konica's Motion for Summary Judgment would be wasted if the Court granted Sonman's request for reconsideration. While the Court agrees that this time could have been spent addressing motions in the many other cases on the Court's docket, there is no reason to believe that granting reconsideration in this case would have an adverse impact on the resources of the Court. *See Walter*, 181 F.3d at 1202 (holding that there was no reason to believe allowing a one month late filing would have an adverse impact on the district court or its resources).

In making the equitable determination as to what constitutes excusable neglect, "the Supreme Court [has] accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Id.* at 1201 (citing *Pioneer*, 507 U.S. at 397-98. Such guidance by the Supreme Court provides the *ratio decidendi* in an otherwise difficult case. Thus, while the fact that the conduct at issue was almost entirely attributable to Sonman's counsel in this case weighs against granting the Motion for Reconsideration, the slight prejudice to Konica, the lack of an adverse impact on the Court or its resources, and the fact that Konica concedes that Sonman did not act in bad faith militates in favor of relief. *See, e.g., Walter*, 181 F.3d at 1201-02.

Accordingly, after examining the four factors enunciated by the Supreme Court in determining excusable neglect under Federal Rule of Civil Procedure 60(b), the Court finds that the equitable considerations outlined in *Pioneer* weigh in favor granting Sonman's

Motion for Reconsideration. While counsel's argument for excusable neglect is thin at best, the Court will err on the side of caution and grant Sonman's Motion as to reconsideration. "Nothing about *Pioneer* changed the excusable neglect decision into a into a mechanical one devoid of any room for the exercise of discretionary judgment." *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (citing *Pioneer*, 507 U.S. at 392). Thus, for the foregoing reasons, the Court will reconsider Konica's Motion for Summary Judgment. The Clerk shall file and docket Sonman's Response to Konica's Motion for Summary Judgment, and Affidavit in Support of such Motion. (Doc. No. 33, Exs. A & B).

## II. Hearing on Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(d), the Court may schedule a hearing to examine the pleadings and evidence before it and to question counsel as to which material facts are actually and in good faith controverted. *See* Fed. R. Civ. P. 56. After examining the pleadings, evidence, and affidavits presented by both parties in the instant case, the Court finds that such hearing is warranted. For the foregoing reasons, a hearing will be held at 9:00 a.m. on Thursday, November 17, 2005 in Courtroom I, 6th Floor of the Federal Building, 80 North Hughey Avenue, Orlando, Florida, before the undersigned Judge. Thirty minutes has been set aside for hearing.

## Conclusion

1.      Based on the foregoing, the Court **GRANTS** the Motion for Reconsideration of Order Granting Plaintiff's Motion for Summary Judgment (Doc. No. 33)

filed by Defendants Sonman, Inc. of Florida, Sonman, Inc. of Georgia, James M. Spellman and Dianna Hanson as to reconsideration;

2.   The Clerk of Court for the Middle District of Florida shall file and docket Sonman's Response to Konica's Motion for Summary Judgment, and Affidavit in Support of such Motion.  (Doc. No. 33, Exs. A & B)**;**

3**.**   Konica may file an application for attorneys' fees and costs incurred in defending against Sonman's Motion for Reconsideration and in preparing its Motion for Final Judgment within twenty (20) days from the date of this Order.  Sonman may respond within twenty (20) days thereafter.

4.   A hearing will be held on Konica's Motion for Summary Judgment, and Memorandum of Law and Affidavit in Support, (Doc. Nos. 28-30), and on Sonman's Response to the Motion for Summary Judgment, and Affidavit in Support (Doc No. 33, Exs. A & B) as stated above.


**DONE AND ORDERED** in Chambers in Orlando, Florida on November _3rd___2005.


PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-13-

Copies furnished to:

Counsel of Record

Clerk of Court