**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KONICA MINOLTA PHOTO IMAGING,**
**U.S.A., INC.,**

                **Plaintiff,**

**-vs-**                                      **Case No. 6:05-cv-371-Orl-19DAB**

**SONMAN, INC., a Florida Corporation,**
**SONMAN, INC. OF GEORGIA, a Georgia**
**Corporation, JAMES M. SPELLMAN and**
**DIANNA HANSON,**

                **Defendants.**
_____/

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** MOTION TO COMPEL, FOR SANCTIONS, AND FOR ORDER TO SHOW CAUSE (Doc. No. 56-1)
>
> **FILED:** March 10, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In a previously filed lawsuit, the parties had entered a settlement agreement into the record during the course of trial before Judge Fawsett on August 10, 2004. When Defendants failed to sign the original (or revised) settlement documents prepared by Plaintiff, Plaintiff filed suit on October 25, 2004. Doc. No. 1. Plaintiff filed suit against Defendants seeking to enforce a settlement agreement for $140,000, to be paid by Defendants in two $70,000 installments. On November 22, 2005, Judge Fawsett entered summary judgment on Plaintiff's claims to enforce the settlement agreement and

granted Plaintiff attorney's fees. Doc. No. 46, 47. During the course of the summary judgment hearing, Defendants withdrew the affidavit of Allan P. Whitehead, Esq. and Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment. *See* Doc. No. 46. Judge Fawsett ordered Allan P. Whitehead, counsel for Defendants, to pay to Plaintiff's counsel the sum of $5,247.00 by December 2, 2005. Doc. No. 48. Final judgment was entered against Defendants for a total sum of $169,382. Doc. No. 49.

On December 6, 2005, Plaintiff served Requests for Production on Defendants, along with a letter requesting available deposition dates. Doc. No. 56-1, Ex. A. The deposition notices were served on January 23, 2006, after Defendants refused to provide their own available dates and times as requested. *See* Doc. No. 56-1 ¶ 2, Ex. A. In addition, Plaintiff served subpoenas on the individual Defendants on February 3, 2006 and on the corporate Defendants on February 8, 2006. Doc. No. 56-1. On February 16, 2006, Defendants filed a Motion for Protective Order (Doc. No. 52) to reschedule depositions set for the next day, February 17, 2006 and February 20, 2006.  Defendants' grounds supporting their Motion for Protective Order were that counsel, Mr. Whitehead, was unavailable on the dates and times of the depositions due to previously-scheduled (but undisclosed) obligations. Doc. No. 52 ¶ 2. Defendants' counsel waited until February 16, 2006 to contact Plaintiff's counsel to discuss rescheduling the depositions set for the next day. *Id.*  Obviously cognizant of the Federal Rules, Plaintiff's counsel sent Defendants' counsel a letter stating Plaintiff intended to proceed with the depositions as scheduled. Doc. No. 56-1, Ex. C.  On February 17, 2006, the Court denied the Motion for Protective Order as untimely and as failing to present adequate grounds for the relief requested. Doc. No. 54.  Under the Federal Rules of Civil Procedure, a deposition will go forward as scheduled if the Court has not ruled on the motion for protective order. *See* Fed. R. Civ. P. 32,

advisory committee notes. "Ordinarily a party does not obtain protection merely by the filing of a motion for a protective order" unless it has received less than 11 days notice, which is not the circumstances in this case. *Id*. Defendants had twenty-five days notice, but chose not to file their Motion for Protective Order until the afternoon prior to the scheduled depositions. Under the Federal Rules of Civil Procedure, Defendants were required to proceed with the depositions.

Plaintiff filed its Motion to Compel for Defendants' failure to respond to discovery, and sought sanctions for Defendants' failure to attend the February 16 and 20, 2006 depositions. Doc. No. 56. Although Defendants failed to file a response to the Motion to Compel and for Sanctions, Defendants did file a response once ordered to do so by the Court's March 31, 2006 Order to Show Cause why sanctions, including penalties for contempt, should not be imposed for Defendants' failure to appear at their depositions or provide discovery responses.

On April 11, 2006, Defendants filed their Response to the Order to Show Cause (Doc. No. 58) requesting that the Court deny the Motion to Compel or for Sanctions because Defendants "anticipate satisfying the Final Judgment in full by April 30, 2006, thereby making the issue of depositions and additional discovery moot." Doc. No. 58 at 4. Defendants' counsel was unavailable at the time of the scheduled depositions due to his son's wedding the weekend of February 18, 2006 (which was not disclosed in the previously-filed Motion for Protective Order). *Id*. at ¶ 13. It was also counsel's understanding that the "Defendants were working with Plaintiff to satisfy the Final Judgment and that the depositions and productions requests would, therefore, not be needed and would, instead, represent a needless expenditure of money for all parties." *Id.* Counsel also represented that the depositions had been rescheduled to take place on May 15 and 18, 2006 if the judgment was not paid in full by April 30, 2006. *Id.* ¶ 14. Defendant's filed a Notice of Payment of the Judgment on May 1, 2006,

stating that the principal amount of $169,382 had been paid in accordance with the judgment entered in the case. Doc. No. 60.

However, at the hearing on May 2, 2006, Plaintiff informed the Court that the interest accrued on the judgment, in the approximate amount of $2,900, had not been paid. Moreover, Plaintiff continued to seek sanctions in the form of attorney's fees and court reporter costs incurred when Defendants failed to appear for their depositions, which totaled $1,754.

As the Court outlined in the March 31, 2006 Order to Show Cause, the Defendants' conduct in not appearing at their properly noticed depositions was in violation of the Federal Rules of Civil Procedure and warrants sanctions in the amount of Plaintiff's attorney's fees and costs against Defendants in the amount of $1,754. *See* Doc. No. 56-9, Aff. of Lewis F. Collins, Jr., Counsel for Plaintiff. Should this amount not be paid within 30 days, Plaintiff may seek to have the Order converted into a judgment.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2006.

*David A. Baker*
　　　　　　　　　　DAVID A. BAKER
　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record